# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## KELVIN HOOKS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27594   Arthur T. Bennett, Judge**

---

**No. W2004-02238-CCA-R3-PC  - Filed May 25, 2005**

---

This matter is before the Court upon the motion of appointed counsel seeking permission to withdraw from further representation of the Appellant in the above-captioned appeal pursuant to Rule 22, Rules of the Tennessee Court of Criminal Appeals.  Counsel claims that there are no meritorious issues available for appellate review.  Counsel has complied with the procedural requirements of Rule 22, Rules of the Tennessee Court of Criminal Appeals.  The Petitioner, Kelvin Hooks, has failed to submit a responsive brief pursuant to Rule 22(E), Rules of the Tennessee Court of Criminal Appeals.  After careful review of the motion, the accompanying *Anders* brief, and the appellate record, including the transcripts of the post-conviction evidentiary hearing, we agree with counsel's assertion that the appeal has no merit and is, accordingly, frivolous within the meaning of Rule 22, Rules of the Tennessee Court of Criminal Appeals.  Counsel's motion to withdraw is granted and the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ.  joined.

C. Michael Robbins, Memphis, Tennessee, for the appellant.

Paul G. Summers, Attorney General & Reporter, for the appellee, the State of Tennessee.

1

**MEMORANDUM OPINION**

The Petitioner, Kelvin Hooks, appeals pursuant to Rule 3, Tennessee Rules of Appellate Procedure, the trial court's denial of post-conviction relief. Petitioner was convicted of second degree murder and felony murder by a Shelby County jury. *See State v. Kelvin Hooks*, No. W2001-01516-CCA-R3-CD, 2002 WL 31466920, *1 (Tenn. Crim. App., at Jackson, Nov. 1, 2002), *perm. to appeal denied*, (Tenn. Feb. 24, 2003). The trial court merged the two convictions and sentenced the Petitioner to life on the felony murder conviction. *Id.* This Court affirmed the Petitioner's conviction and sentence on direct appeal. *Id.*

On August 13, 2003, Petitioner filed a pro se petition for post-conviction relief. As grounds for relief, Petitioner complained that counsel was ineffective, that the trial court denied him of his right to trial by jury, and that the prosecutor failed to disclose exculpatory evidence. Counsel was appointed to represent the Petitioner on September 2, 2003. On February 12, 2004, appointed counsel filed an amended petition. The amended petition relied solely upon the ground of ineffective assistance of counsel. An evidentiary hearing was held, after which, the trial court denied relief. In denying relief, the trial court found that, as the Petitioner failed to testify at the post-conviction hearing, his claims regarding specific instances of counsel's deficiencies were unsupported by the proof. The court further acknowledged that Petitioner's claims that trial counsel was ineffective for failing to challenge the jury instruction defining "knowing" was moot as the Petitioner was convicted of first degree felony murder. A timely notice of appeal was filed.

Appointed counsel has filed a Rule 22 motion and accompanying brief stating that after a conscientious review of the record and law, he has found nothing in the record that might arguably support an appeal. We agree.

The Petitioner bears the burden in post-conviction proceedings of proving any factual allegations in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). Moreover, on appeal, the findings of fact of the post-conviction court are afforded the weight of a jury verdict and are conclusive unless the evidence in the record preponderates against those findings. *Henley v. State*, 960 S.W.2d 572, 578, 579 (Tenn. 1997). In contrast, we review *de novo* the post-conviction court's application of the law and the court's determination of mixed questions of law and fact.

Petitioner alleges that trial counsel failed to adequately and sufficiently confer with Petitioner regarding the implications of testifying at trial. Petitioner also complains that he did not trust or have confidence in counsel's ability to defend him. He contends that this distrust resulted in his testifying falsely at trial, *i.e.,* that he was not at the crime scene. Petitioner now asserts that had counsel properly advised him as to his decision to testify he would have testified that the shooting was in self-defense. Petitioner refused to testify at the post-conviction hearing. The trial court found that nothing in the record demonstrated that trial counsel was deficient in his performance or preparation.

2

Our review of the record and the relevant legal authority in this matter convinces us that the trial court made no reversible error in denying the Petitioner relief. In addition, we have considered counsel's Rule 22 brief. Based upon our review of the record and pleadings, we agree with counsel's assertion that the appeal has no merit and is frivolous within the meaning of Rule 22, Rules of the Court of Criminal Appeals. Accordingly, appointed counsel C. Michael Robbins' motion to withdraw is granted. Additionally, the trial court's action was rendered in a proceeding without a jury and was not a determination of guilt. In its written order denying post-conviction relief, the trial court addressed the issues raised by the Petitioner and entered its findings and conclusions regarding these issues. The evidence does not preponderate against the trial court's findings and no error of law requiring a reversal of the trial court's action is apparent upon the record. We are convinced that the trial court reached the correct result. Because an opinion in this matter would have no precedential value, we affirm the trial court's action in accordance with Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE